# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: April 1, 2026

```
* * * * * * * * * * * * *    *
DONNA BAUER, surviving spouse,   *
and heir-at-law of WILLIAM BAUER,  *
deceased,                        *      No. 18-1451V
                                 *
        Petitioner,              *
                                 *      Special Master Young
v.                               *
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
        Respondent.              *
* * * * * * * * * * * * * *    *
```

*William Patrick Ronan, III*, The Ronan Law Firm, Overland Park, KS for Petitioner.
*Julia Marter Collison*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 21, 2018, Donna Bauer ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of her deceased spouse, William Bauer. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Petitioner alleged that the influenza vaccine that Mr. Bauer received on October 12, 2017, caused him to suffer from Guillain-Barré syndrome and death, or suffered from conditions that were caused or significantly aggravated by the vaccination at issue. Pet. at 1, ECF No. 1; Am. Pet. ¶¶ 37–39, ECF

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

No. 49. On September 23, 2024, I issued my decision denying entitlement and dismissing the petition. ECF No. 60.

On April 22, 2025, Petitioner filed a motion for attorneys' fees and costs. Pet'r's Mot. for AFC, ECF No. 65. Petitioner requests total attorneys' fees and costs in the amount of $55,524.89, representing $44,027.50 in attorneys' fees and $11,497.39 in attorneys' costs. Pet'r's Mot. for AFC at 8–9. Pursuant to General Order No. 9, Petitioner represents that she did not personally incur any costs related to the prosecution of her petition. ECF No. 64. Respondent responded to the motion on April 25, 2025, stating that Respondent "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 4-5, ECF 66. Petitioner did not file a reply. This matter is now ripe for consideration.

## I.       Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent offered no opinion on whether the statutory requirements for an award of attorneys' fees and costs have been met in this case. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and

reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.    Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests compensation for attorney William P. Ronan, III at the rate of $500.00 per hour for all time billed between 2019 and 2025. Pet'r's Mot. for AFC at 1–9. Petitioner also requests the paralegal rate of $150.00 per hour for all time billed. *Id*. The rate requested for Mr. Ronan in 2024 and 2025, and the paralegal from 2022, though 2025 are reasonable and consistent with previously awarded rates. The remainder of the attorney and paralegal rates requested require adjustment.

Attorneys' fees have been awarded for Mr. Ronan at the following rates: $400.00 per hour for time billed in 2017 and 2018, $415.00 per hour for time billed in 2019, $430.00 per hour for time billed in 2020, $450.00 per hour for time billed in 2021, $465.00 per hour for time billed in 2022, $485.00 per hour for time billed in 2023, and $500.00 per hour for time billed in 2024 and 2025. *See, e.g., Glaholt v. Sec'y of Health & Human Servs.*, No. 21-162V, 2024 WL 5378642 (Fed. Cl. Spec. Mstr. Dec. 11, 2024); *Metsker v. Sec'y of Health & Human Servs.*, No. 19-0743V, 2021 WL 5143137 (Fed. Cl. Spec. Mstr. Oct. 5, 2021); *Johnson v. Sec'y of Health & Human Servs.*, No. 16-1129V, 2019 WL 7556395 (Fed. Cl. Spec. Mstr. Sept. 4, 2019). Petitioner similarly requests a rate higher than was previously awarded for Mr. Ronan's paralegal. For 2017 and 2018, his paralegal was awarded a rate of $100.00 per hour, and for 2019, through 2021, $125.00 per hour. *See, e.g., id*. Thus, I will apply these lower rates for the time billed by Mr. Ronan and his paralegal from 2019, through 2024. Application of these rates results in a reduction of **$5,600.75**.[4]

### B.    Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are

---

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] Attorney Reduction: ($500 - $400) x 3.4 hrs. + ($500 - $400) x 17.05 hrs. + ($500 - $415) x 21.9 hrs. + ($500 - $430) x 2.2 hrs. + ($500 - $450) x 2.2 hrs. + ($500 - $465) x 29.05 hrs. + ($500 - $485) x 3.9 hrs. = $5,245.75.

Paralegal Reduction: ($150 - $100) x 1.5 hrs. + ($150 - $100) x 2.1 hrs. + ($150 - $125) x 2.1 hrs.+ ($150 - $125) x 2.45 hrs. + ($150 - $125) x 2.45 hrs. = $355.00.

"excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $38,426.75.

### C.    Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $11,497.39 in attorneys' costs, comprised of acquiring medical records, the Court's filing fee, a consultation with pharmacologist Thomas P. Johnston, Ph.D., R.Ph. ($300.00), a case evaluation provided by nephrologist, Kevin O. Griffiths, M.D. for five hours at $600.00 per hour totaling $3,000.00, and expert services provided by Christopher Jarvis, M.D. for 16.3 hours at a rates of $250.00 and $500.00 per hour, totaling $7,425.00. Pet'r's Mot. for AFC, Tab 1.

Although Petitioner provided receipts and supporting documentation for the majority of her requested costs, there was no receipt or invoice for the following costs:

- 1/12/2018 – Coffey County Physician Clinics - Copies of Medical Records – $42.48;
- 2/2/2018 – St. Francis Health Hospital - Copies of Medical Records – $44.23.

Petitioner's counsel was contacted regarding these missing invoices. Mr. Ronan advised that his office no longer had copies of those invoices, and their bank did not have copies of the canceled checks because the request was outside of their seven-year retention period. *See* ECF No. 67.

Petitioners bear the burden of substantiating the reasonableness of costs with "supporting documentation such as receipts, invoices, canceled checks, etc." *Solomon v. Sec'y of Health & Human Servs.*, No. 14-748V, 2016 WL 8257673, at *8 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (quoting *Ceballos v. Sec'y of Health & Human Servs.*, No. 99-097V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)).  Special masters, however, have awarded compensation for costs without documentation when they are "satisfied that the costs incurred were related to the proceedings ... and were reasonable." *Erickson v. Sec'y of Health & Hum. Servs.*, No. 96–361V, 1999 WL 1268149, at *8 (Fed. Cl. Spec. Mstr. Dec. 10, 1999); *see also English v. Sec'y of Health & Human Servs.*, No. 01–61V, 2006 WL 3419805, at *14–15 (Fed. Cl. Spec. Mstr. Nov. 9, 2006) (allowing payment for computer research even though no documentation was provided).  Although there was no documentation provided to support these costs, the medical records requests seem reasonable, so I will grant those costs. Counsel is cautioned that a failure to provide sufficient documentation in the future may result in a reduction of costs. Petitioner has provided adequate documentation supporting the remainder of the requested costs, and Respondent has not identified

any specific costs as objectionable. I find these costs to be reasonable and shall fully reimburse them.[5]

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $44,027.50 |
| (Reduction of Fees) | ($5,600.75) |
| **Total Attorneys' Fees Awarded** | **$38,426.75** |
| | |
| Attorneys' Costs Requested | $11,497.39 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$11,497.39** |
| | |
| **Total Attorneys' Fees and Costs** | **$49,924.14** |

**Accordingly, a lump sum in the amount of $49,924.14, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[5] In awarding the full amount of costs sought, I do not specifically endorse any particular hourly rate for Dr. Griffiths's or Dr. Jarvis's work. Rather, in light of the services performed, I find that the total amount requested for their services, respectively, in this case is reasonable.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.